UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER WEBER,

        Plaintiff,

v.                              Case No.  8:20-cv-24-T-SPF

ANDREW M. SAUL,
Commissioner of the Social
Security Administration,

        Defendant.

_____/

## ORDER

Plaintiff seeks judicial review of the denial of his claims for period of disability benefits and Supplemental Security Income ("SSI").  As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

### I.      Procedural Background

Plaintiff filed an application for a period of disability and SSI on November 30, 2016 (Tr. 174-83).   The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 76-89, 92-104).  Plaintiff then requested an administrative hearing (Tr. 118-20).  Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 32-58).  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and denied Plaintiff's claims for benefits (Tr. 15-25).

Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-3).  Plaintiff then timely filed a complaint with this Court (Doc. 1).

The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.    Factual Background and the ALJ's Decision

Plaintiff was born on May 23, 1978 and was 23 years old on May 10, 2002, his alleged disability onset date (Tr. 174).  Plaintiff claimed disability due to "[a] bad back and neck from motorcycle accident, legs and feet pain, sleep disorders, and depression" (Tr. 197).  Plaintiff completed eleventh grade, but did not graduate from high school (Tr. 34).  For a short time, Plaintiff worked from home for about an hour a night in a sales position and he also attempted a job selling cars (Tr. 38-39).  However, Plaintiff has not held any jobs that qualify as past relevant work (Tr. 157).  He lives in a house with his mother (Tr. 35).

In rendering his December 19, 2018 administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since November 30, 2016, the application date (Tr. 17).  After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: "lumbar spine disorder, gastroesophageal reflux disease, hypertension, and obesity" (Tr. 17).  Notwithstanding these impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 19).   The ALJ then

concluded that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following limitations:

> … [t]he claimant can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but must avoid climbing ladders, ropes, and scaffolds.
> In addition, the claimant can occasionally push and pull with the upper and lower bilateral extremities to include the operation of hand levers and foot pedals. However, the claimant must avoid exposure to dangerous machinery and unprotected heights.

(Tr. 19).

In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 22). Considering Plaintiff's impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could perform work as a small parts assembler, electronics worker, or laundry folder (Tr. 24). The ALJ found Plaintiff not disabled (*Id.*).

### III. Legal Standard

 To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are

demonstrable by medically acceptable clinical and laboratory diagnostic techniques.   42 U.S.C. § 1382c(a)(3)(D).

The Social Security Administration, to regularize the adjudicative process, promulgated the detailed regulations currently in effect.   These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 416.920.   If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.   20 C.F.R. § 416.920(a).   Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work.   If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.  20 C.F.R. § 416.920(a).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen*

*v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.   *See* 42 U.S.C. § 1383(c)(3).   Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*,

402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)

(internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted). In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## IV.    Analysis

Plaintiff advances one argument: the ALJ substituted his opinion regarding the residual functional capacity ("RFC") for the medical opinion evidence (Doc. 19 at 5-9). In particular, Plaintiff claims that in determining his RFC, the ALJ should have credited the opinions of Dr. Cristina Rodriguez, a state agency physician who reviewed medical evidence at the reconsideration level, and Dr. Eniola Owi, M.D., who examined Plaintiff on July 18, 2018.[1] In response, the Commissioner asserts that that the ALJ properly

---

[1] Plaintiff incorrectly refers to Dr. Rodriguez as a "medical advisor" (Doc. 19, p.5).

weighed the medical opinion evidence, and that substantial evidence supports the ALJ's RFC determination. The Court agrees, as set forth below.

The ultimate responsibility for reviewing and assessing Plaintiff's RFC rests with the ALJ. RFC is an assessment based on all relevant medical and other evidence of Plaintiff's ability to work despite her impairments. *Castle v. Colvin*, 557 Fed. Appx. 849, 852 (11th Cir. 2014) (citing *Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1987)). In rendering the RFC, the ALJ must consider the medical opinions in conjunction with all the other evidence of record and will consider all the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each. 20 C.F.R. §§ 416.920(e), 416.929(c)(3), 416.945. Generally, the opinions of examining physicians are given more weight than non-examining physicians, treating more than non-treating physicians, and specialists more than non-specialist physicians. 20 C.F.R. § 416.927(c)(15). [2] Opinions from consultative or one-time examining physicians are weighed based on the factors set forth in § 416.927(c)(3-6), such as the level of support provided for the opinion and how consistent the opinion is with the record as a whole. *Id.* The Eleventh Circuit recognizes that opinions from consultative examiners are not owed the same deference as opinions from treating physicians. *McSwain v. Bowen*, 814 F.2d 617,

[2] Although the Commissioner revised the rules regarding evaluation of medical evidence on January 18, 2017, the revisions became effective March 27, 2017, and the new regulations only apply to applications filed on or after that date. *See* 20 C.F.R. § 416.920c. Because Plaintiff filed her claims for benefits before March 27, 2017, the rules in § 416.927 govern here.

619 (11th Cir. 1987).  Similarly, the regulations provide that the ALJ is not required to adopt any prior administrative medical findings of state agency medical consultants, the ALJ must consider this evidence according to §§ 416.920b and 416.927 because such consultants are

"highly qualified and experts in Social Security disability evaluation."  20 C.F.R. § 416.913a(b)(1).

---

Contrary to Plaintiff's assertion, the Court finds that the ALJ did not substitute his own opinions for those of the one-time consultative orthopedist.  As set forth above, the ALJ was required to consider and evaluate Dr. Owi's opinions, even though her opinions were not owed the same deference as a treating physician's opinions.  20 C.F.R. § 416.927(c)(1-5); *McSwain*, 814 F.2d at 619.  In fashioning his RFC, the ALJ discussed Dr. Owi's post-hearing consultative examination and enumerated reasons for assigning "moderate weight" (Tr. 22).  The ALJ noted that Dr. Owi found that Plaintiff's left side was weaker than his right side, that he had a reduced range of motion in his spine, and that he reported tenderness to palpation in his thighs (Tr. 22).  The ALJ also noted that Dr. Owi indicated Plaintiff was able to transfer off exam table without assistance, and that his gait, Romberg test, and tandem gait were all normal (Tr. 22).  While the ALJ recognized that Dr. Owi's records reflected Plaintiff reported tenderness to palpation of his dorsal medial right wrist, discomfort with left wrist motion, and numbness bilaterally with the Tinel's test, the ALJ observed that the remainder of Dr. Owi's exam was

unremarkable (Tr. 22).  Buttressing his decision to assign "moderate weight" to Dr. Owi's

opinion that Plaintiff is capable of a reduced range of light work, the ALJ explained:

> The undersigned assigns moderate weight to this opinion because it is generally consistent with the totality of the record evidence and supported by detailed explanation of the findings.  In addition, the opinion is consistent with the objective evidence of the exam performed by Dr. Owi.

(Tr. 22).  The Court finds that in formulating his RFC the ALJ properly considered Dr.

Owi's opinions.

Similarly, the Court finds that the ALJ properly evaluated the opinions of the state

agency medical consultant, Dr. Rodriguez, who reviewed medical evidence at the

administrative reconsideration level on April 5, 2017 (Tr. 92-104).  When Dr. Rodriguez

performed her review, the medical evidence related to the relevant time period was limited:

Apollo Medical Center (dated December 30, 2016- January 24, 2017);

Physiotherapy Associates (dated January 3 through March 24, 2017); Orthopedic

Associates West Florida (dated January 24, 2017); and Florida Orthopedic (December 24,

2016) (Tr. 95-96).  In considering Dr. Rodriguez's opinions, the ALJ acknowledged that

Dr. Rodriguez "did not have access to the evidence received at the hearing level including

the post hearing consultative exam and did not examine the claimant, unlike the

consultative examiner" (Tr. 23).  According Dr. Rodriguez's opinions "little weight," the

ALJ explained that her assessment was "not consistent with the totality of the record

evidence including … recent consultative exam and treatment records noting a normal gait

without assistance and a generally normal physical exam" (Tr. 23).  The Court finds the

ALJ properly considered Dr. Rodriguez's opinions as required by the applicable

regulations, and explained the reasons he assigned them little weight.   *See Jarrett v. Comm'r of Soc. Sec.*, 422 Fed. Appx. 869, 873 (11th Cir. 2011) ("The weight due to a non-examining physician's opinion depends … on the extent to which it is supported by clinical findings and is consistent with other evidence."); 20 C.F.R. § 416.913a(b)(1).

In sum, the ALJ did not err in weighing the opinions of the consulting orthopedist, Dr. Owi, and the state agency consultant, Dr. Rodriguez.   Substantial evidence supports his RFC, and the ALJ's lengthy discussion reflects that he followed the applicable regulations and considered all relevant evidence of record, including the medical opinions discussing the severity of Plaintiff's impairments.   The ALJ has provided the reviewing court with a sufficient basis for a determination that he has followed proper legal principles. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). To the extent Plaintiff asks the Court to re-weigh the evidence or substitute its opinion for that of the ALJ, the Court cannot.   *See Phillips v. Barnhart,* 357 F.3d 1232, 1240 n. 8 (11th Cir.2004).   Because the ALJ's findings are based on the correct legal standards and are supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would have reached a different conclusion.   *See Bloodsworth*, 703 F.2d at 1239.

Accordingly, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

**ORDERED** in Tampa, Florida, on February 11, 2021.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE